UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEISHA HAMILTON,

                Plaintiff,

v.                                              1:23-cv-00577 (AMN/CFH)

NEW YORK STATE THE OFFICE OF THE STATE COMPTROLLER,

                Defendant.

**APPEARANCES:**                           **OF COUNSEL:**

**Keisha Hamilton**
172 Hackett Blvd.
Albany, New York 12209
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff *pro se* Keisha Hamilton ("Plaintiff") brings this action against Defendant New York State Office of the State Comptroller ("OSC") pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 § et seq. ("FMLA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and New York State Paid Family Leave Law, N.Y. Workers' Comp. Law § 200 et seq. ("NYSPFLL"). Dkt. No. 1 at 1, 6. (the "Complaint"). On October 13, 2023, United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order granting Plaintiff's application to proceed *in forma pauperis* and reviewing the sufficiency of Plaintiff's complaint pursuant to § 28 U.S.C. 1915. After review, Magistrate Judge Hummel

recommended that this Court (i) dismiss the NYSPFLL claim with prejudice and without leave to amend; and (ii) dismiss the ADA, FMLA, and NYSHRL claims with prejudice but with limited leave to amend. Dkt. No. 5 (the "Report-Recommendation").

For the reasons set forth below, the Court adopts the Report-Recommendation.

## II.   LEGAL STANDARD

This Court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F.Supp.3d 223, 228-29 (N.D.N.Y. 2012). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendations for clear error. *See id*. at 229 (citing Fed. R. Civ. P. 72(b)(2), (3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

As Plaintiff has not filed objections to the Report-Recommendation, this Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Hummel concluded that Plaintiff cannot bring her NYPFLL claims in this Court and must instead bring those claims pursuant to the procedures set forth in the New York State Workers' Compensation Law. Dkt. No. 5 at 9 (citing *Khwaja v. Jobs to Move Am.*,

No. 1:19-cv-07070 (GBD) (SDA), 2019 WL 9362542, at *10 (S.D.N.Y. Nov. 13, 2019)). Next, Magistrate Judge Hummel found that, as pled, Plaintiff's FMLA, ADA, and NYSHRL claims are barred by Eleventh Amendment sovereign immunity. Dkt. No. 5 at 9-11 (citing, *inter alia*, *De Figueroa v. New York*, 403 F. Supp. 3d 133, 151 (E.D.N.Y. 2019); *Smith v. State Univ. of New York*, No. 1:00-CV1454 (FJS/RFT), 2003 WL 1937208, at *4 (N.D.N.Y. Apr. 23, 2003)). However, Magistrate Judge Hummel also recommended that Plaintiff be given the opportunity to attempt to cure the defects in those claims and provided guidance with respect to the law governing FMLA, ADA, and NYSHRL claims. Dkt. No. 5 at 11-28.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

IV.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED as follows**:

(1) Plaintiff's claims for violations of the New York State Paid Family Leave Law are **DISMISSED WITH PREJUDICE**;

(2) Plaintiff's claims for violations of the Americans with Disabilities Act, the Family and Medical Leave Act, and the New York State Human Rights Law are **DISMISSED WITH PREJUDICE**; but that such dismissal is **WITHOUT PREJUDICE** solely as to Plaintiff's ability to amend should she wish to add the following claims:

> (a) claim(s) under the ADA, FMLA, and NYSHRL against any individual officers in their official capacities for prospective injunctive relief; and

(b) claim(s) for aiding and abetting under the NYSHRL against any individual officers in their official capacities for money damages or prospective injunctive relief; and the court further

**ORDERS** that that Plaintiff be prohibited from amending to add individual liability claims under the ADA for money damages or any claims for money damages under the FMLA; and the court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: February 20, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge